IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DARIN KEITH MARTIN, )
 )
       Petitioner, )
 )
vs. ) CIVIL NO. 08-772-GPM
 )
LISA J.W. HOLLINGSWORTH, )
 )
       Respondent. )

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge the manner in which the Federal Bureau of Prisons is collecting restitution from his inmate account.

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the instant petition must be dismissed.

### THE PETITION

Petitioner is currently confined at the United States Penitentiary located in Marion, Illinois (USP-Marion) serving a sentence imposed by the Honorable S. Arthur Spiegal, United States

District Judge for the Southern District of Ohio. In addition to his prison sentence, Petitioner asserts that he has been ordered to pay $11,909 in restitution. Petitioner states that Judge Spiegal "never ordered any specific time frame or manner in which Petitioner was required to pay said restitution."

Petitioner claims, though, that the Federal Bureau of Prisons (BOP), acting through its Inmate Financial Responsibility Program (IFRP), takes money from his inmate account every quarter towards payment of the restitution order.[1] To date, Petitioner contends that the BOP has taken approximately $1,000 from his inmate account. Petitioner claims that the BOP's actions constitute a usurpation of the federal court's power to schedule restitution payments. Additionally, Petitioner claims that, after serving five years of his sentence, no federal prisoner can be required to make restitution payments.

**DISCUSSION**

Petitioner's challenge to the IFRP is, in essence, a challenge to the execution of his federal sentence and as such must be addressed as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *See Ihmoud v. Jett*, 272 Fed. Appx. 525, 526, 2008 WL 887384, at *1 (7th Cir. April 3, 2008) (IFRP is means of executing an inmate's sentence and, therefore, complaints about BOP's administration of the program are cognizable under 28 U.S.C. § 2241); *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998) (stating that motion seeking relief on grounds concerning execution of sentence but not validity of conviction falls under § 2241). Thus, it appears that Petitioner has chosen the correct vehicle for asserting his claims.

Unfortunately for Petitioner, however, his claims lack merit. First, the Seventh Circuit Court

---

[1] Petitioner alleges that the BOP initially took $25 per quarter, but it recently increased the amount taken to $50 per quarter.

of Appeals has held that allowing the BOP to collect restitution under the IFRP while a federal inmate is incarcerated in the manner described by Petitioner is not "error at all." *See United States v. Sawyer*, 521 F.3d 792, 796 (7th Cir. 2008). In *Sawyer*, the Court stated:

> The [restitution] statute requires the judge to set a schedule if the defendant cannot pay in full at once . . . but it does not say when the schedule must begin. We hold today that it need not, and as a rule should not, begin until the defendant's release from prison. Payment until release should be handled through the Inmate Financial Responsibility Program rather than the court's auspices.

521 F.3d at 796. Therefore, Petitioner's claim concerning the IFRP is dismissed.

Petitioner's claim concerning the 5 year "limitations period" for restitution payments also is without merit. The federal restitution statute has been substantially re-written and the statutory sections which Petitioner cites – and upon which his claims rely – are not applicable. *See* Pub. L. 104-132, Title II, § 205(a)(2), April 24, 1996, 110 Stat. 1230. The maximum repayment schedule, which takes effect on Petitioner's release from prison, is 20 years. *Sawyer*, 521 F.3d at 797; 18 U.S.C. §§ 3664(m) and 3613(b), (c).

### DISPOSITION

Based on the foregoing, Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is summarily **DISMISSED**.

**IT IS SO ORDERED**.

DATED: 02/26/09

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge